UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN, | CASE No. 1:15-cv-01609-DAD-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF NO. 1) |
| NORM KRAMER, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is before the Court for screening.

**I.   SCREENING REQUIREMENT**

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Individuals like Plaintiff who are detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). Although certain portions of the PLRA are not applicable to Plaintiff as a civil detainee, section 1915(e)(2)(B) applies to all persons proceeding in forma pauperis. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001).

## II.  **PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere

possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff, an African-American male, is a civil detainee housed at Coalinga State Hospital ("CSH") in Coalinga, California. He names as Defendants Norm Kramer, ex-Director of CSH; Pam Ahlin, Executive Director of California Department of State Hospitals ("CDSH"); Cliff Allenby, ex-Executive Director of CDSH; Stephen Mayberg, ex-Executive Director of CDSH; Jerry Brown, Governor of California; and Fresno County Board of Supervisors.

Plaintiff's claim arises from the construction of a facility and subsequent housing of inmates in a location allegedly known by all Defendants to cause significant risk to health due to the presence of Coccidioidomycosis ("Valley Fever") spores. Plaintiff alleges that Defendants' failure to comply with generally accepted and prudent risk management practices of care have resulted in a higher risk for inmates, particularly those who have greater susceptibility to the illness, such as African-Americans like Plaintiff.

Plaintiff brings claims for: (1) negligence; (2) failure to provide adequate facility equipment and personnel; (3) abuse of a dependent adult; and (4) deliberate indifference in violation of the First, Eighth and Fourteenth Amendments.

### IV. ANALYSIS

#### 1. Eighth and Fourteenth Amendments

The gravamen of Plaintiff's claims is Defendants' alleged violation of Plaintiff's constitutional rights when they built and housed inmates like him in a facility located in an area hyper-endemic for contraction of Valley Fever and then failed to take steps to protect him from the disease.

As a civil detainee, Plaintiff is entitled to protection under the Fourteenth Amendment, rather than the Eighth Amendment. <u>Fisher v. Bryant</u>, 2:10-cv-2311-KJM DAD, 2012 WL 3276968 (E.D. Cal. Aug. 9, 2012) (applying the Fourteenth Amendment due process standard to a claim of the excessive force brought by a civil detainee, rather than the standard set forth under the Eighth Amendment). The Ninth Circuit has, however, recognized that the Eighth Amendment rights guaranteed for prisoners "set a floor for those that must be afforded to" civil detainees. <u>Hydrick v. Hunter</u>, 500 F.3d 978, 989 (9th Cir. 2007) summarily reversed on other grounds by <u>Hunter v. Hydrick</u>, 556 U.S. 1256 (2009).

Under the Eighth Amendment, "prison officials are ... prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." <u>Parsons v. Ryan</u>, 754 F.3d 657, 677 (9th Cir. 2014); see also <u>Helling v. McKinney</u>, 509 U.S. 25, 35 (1993); <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm). "Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" <u>Solis v. Cnty. of Los Angeles</u>, 514 F.3d 946, 957 (9th Cir. 2008) (emphasis added) (quoting <u>Farmer</u>, 511 U.S. at 841). Thus, a prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health," <u>Helling</u>, 509 U.S. at 35.

"The second step, showing 'deliberate indifference,' involves a two part inquiry." <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150 (9th Cir. 2010). "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." <u>Id.</u> (quoting <u>Farmer</u>, 511 U.S. at 837). "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious." <u>Id.</u> (citation omitted). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." <u>Id.</u> (citing <u>Farmer</u>, 511

4

U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.") (footnote omitted).

There is some question whether, after the decision in Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015), a pre-trial detainee alleging a Fourteenth Amendment conditions of confinement claim must specifically allege deliberate indifference. See Hatter v. Dyer, No. 2:14-cv-616-AG (GJS), 2015 WL 9613769 (C.D. Cal. Dec. 31, 2015) (discussing Kingsley and concluding that pre-trial detainees still must allege deliberate indifference). Kingsley addressed a Fourteenth Amendment excessive force claim, and held that such a claim requires a showing that the force used was "objectively unreasonable," rather than a showing of the officer's subjective state of mind. Courts thus far have declined to extend Kingsley beyond the excessive force context. See, e.g., Hatter, 2015 WL 9613769 (declining to extend to conditions of confinement claims); Castro v. Cnty. of Los Angeles, 797 F.3d 654 (9th Cir. 2015) (declining to extend to failure to protect claims). Nevertheless, the effect of Kingsley in this context remains an open question. The Court need not resolve the applicable standard at this juncture because, as noted below, the Court finds that Defendants are entitled to qualified immunity.

For the reasons set forth in the next section of this Order, namely because the Court recommends that this action be dismissed on grounds of qualified immunity, the Court will not undertake an analysis of whether it otherwise includes sufficient allegations to state a claim against the Defendants.

**2.     Qualified Immunity**

The doctrine of qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To determine if an official is entitled to qualified immunity the court uses a two part inquiry. Saucier v. Katz, 533 U.S. 194, 200 (2001). The Court determines if the facts as alleged state a violation

of a constitutional right and if the right is clearly established so that a reasonable official would have known that his conduct was unlawful. Saucier, 533 U.S. at 200.

The district court is "permitted to exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 555 U.S. at 236. The inquiry as to whether the right was clearly established is "solely a question of law for the judge." Dunn v. Castro, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting Tortu v. Las Vegas Metro. Police Dep't, 556 F.3d 1075, 1085 (9th Cir. 2009)). In deciding whether officials are entitled to qualified immunity, the court is to view the evidence in the light most favorable to the plaintiff and resolve all material disputes in the favor of the plaintiff. Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

Defendants cannot be held liable for a violation of a right that is not clearly established at the time the violation occurred. Brown v. Oregon Dep't of Corrections, 751 F.3d 983, 990 (9th Cir. 2014). It is the Plaintiff who bears the burden of demonstrating that the right was clearly established at the time that the defendants acted. May v. Baldwin, 109 F.3d 557, 561 (9th Cir. 1997). A constitutional right is clearly established when its contours are "sufficiently clear [so] that a reasonable official would understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739 (2002). The court is to look to the state of the law at the time the defendants acted to see if it gave fair warning that the alleged conduct was unconstitutional. Hope, 536 U.S. at 741. The unlawfulness of the official's act must be apparent in light of the preexisting law. Id, at 739. The Supreme Court has emphasized that it is often difficult for an official to determine how relevant legal doctrine will apply to the specific situation that is faced and that is why qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law[.]" Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049 (9th Cir. 2002).

The Supreme Court has repeatedly reminded us that we are not to define "clearly established" at a high level of generality. Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2084

(2011). The qualified immunity inquiry is to be taken in light of the specific context of the case, not as a broad general proposition, Brosseau v. Haugen, 543 U.S. 194, 198 (2004), but "must be defined at the appropriate level of specificity[,]" Wilson v. Layne, 526 U.S. 603, 615 (1999).

Qualified immunity shields an official from personal liability where he reasonably believes that his conduct complies with the law. Pearson, 555 U.S. at 244. "'Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" Stanton v. Sims, 134 S. Ct. 3, 5 (2013) (citations omitted). In determining whether the defendant is entitled to qualified immunity, the court is to determine if "a reasonable officer would have had fair notice that [the action] was unlawful, and that any mistake to the contrary would have been unreasonable." Chappell v. Mandeville, 706 F.3d 1052, 1056-57 (9th Cir. 2013) (quoting Drummond ex rel. Drummond v. City of Anaheim, 343 F.3d 1052, 1060-61 (9th Cir. 2003)).

In determining if the law is clearly established, the Court first looks to binding precedent. Chappell, 706 F.3d at 1056. If there is none on point, the Court will then look to other decisional law, including the law of other circuits and district courts. Id. at 1056; Osolinski v. Kane, 92 F.3d 934, 936 (9th Cir. 1996). The Court finds no Supreme Court or published Ninth Circuit case determining whether an inmate's environmental exposure to Valley Fever or other environmental organism would be a violation of the Eighth Amendment.

Turning to other decisional law, the Court is guided by the reasoning and holding of a recent case issued out of this district, Jackson v. Brown ("Jackson I"), No. 1:13-cv-01055-LJO-SAB, ___ F. Supp. 3d ____, 2015 WL 5732826 (E.D. Cal. Sept. 17, 2015), modified by Jackson v. Brown ("Jackson II"), ___ F. Supp. 3d ____, 2015 WL 5732826 (E.D. Cal. Sept. 28, 2015). There, the Honorable Lawrence J. O'Neill held that, under circumstances substantially identical to those asserted here, Defendants are entitled to qualified immunity on the ground that law was not "clearly established" that inmates have

7

a constitution right to not be housed in facilities located in areas hyper endemic for contraction of Valley Fever.

In Jackson I, the plaintiffs brought a class action[1] consisting of current and former prisoners who contracted Valley Fever while incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, and Avenal State Prison ("ASP") in Avenal, California, both of which, like CSH, are located in the San Joaquin Valley. The plaintiffs named as Defendants Governor Brown; Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation ("CDCR") from 2008 to 2012; Jeffrey Beard, the current Secretary of CDCR; P.D. Brazelton, the warden of PVSP; and James Hartley, the warden of ASP. Plaintiffs claimed (1) violations of the Eighth Amendment; (2) deprivation of equal protection; (3) racial discrimination; and (4) negligence. As to their Eighth Amendment claim, Plaintiffs claimed that Defendants exposed them to a substantial risk of serious harm with deliberate indifference by (1) incarcerating them at PVSP and ASP, both of which are in areas that are hyperendemic for Valley Fever, and (2) knowingly refusing to take reasonable measures to (a) abate the level of risk posed by Valley Fever at the prisons and (b) protect Plaintiffs from that risk.

Defendants moved for judgment on the pleadings, arguing, inter alia, that they are entitled to qualified immunity on Plaintiffs' Eighth Amendment claim. In considering Defendants' motion, Judge O'Neill first turned to defining the constitutional right at issue. Jackson I, 2015 WL 5522088, at *16. Acknowledging that the right can be framed in multiple ways, the court explicitly rejected both the Defendants' framing of it ("the right to be entirely free from the risk of exposure to [Valley Fever spores]," id.) and the Plaintiffs'

---

[1] Per the operative pleading in that case, proposed subclass 1 is composed of "[a]ll African-Americans who are, or were, incarcerated at [Pleasant Valley State Prison ("PVSP") ] or [Avenal State Prison ("ASP")], at any time from July 8, 2009 to the present, and who have contracted Disseminated Valley Fever ... during, and as a result of, their incarceration at PVSP or ASP." Sec. Am. Compl. ¶ 20 Proposed subclass 2 is "[a]ll persons over the age of 55 who are or were incarcerated at PVSP or ASP, at any time from July 8, 2009 to the present, and who had contracted Disseminated Valley Fever during, and as a result of, their incarceration at PVSP or ASP." Id. Proposed subclass 3 is "[a]ll persons who have been determined by the [California Department of Corrections & Rehabilitation ('CDCR') ] to be in an immune-compromised state and who are, or were, incarcerated at PVSP or ASP, at any time from July 8, 009 to the present, and who have contracted Disseminated Valley Fever during, and as a result of, their incarceration at PVSP or ASP." Id.

8

framing (the right to be free from incarceration in an area with "colossally elevated risks of contracting Valley Fever" that is far greater than elsewhere in California, id.). The court then considered how the constitutional right was framed in other conditions of confinement cases involving exposure to second-hand smoke, asbestos, inadequate ventilation, inadequate drinking water, and excessive heat. See id. at **17-23. Due to the interrelatedness of multiple case-specific factors, the court concluded that "Whether an inmate's complained-of exposure to cocci violates the Eighth Amendment … requires an assessment of (1) the level of exposure; (2) the health risks presented by that exposure; (3) whether that exposure is a risk society is willing to tolerate; (4) whether the appropriate prison officials know of and understand the health risks posed by that exposure; and (5) the reasonableness of the prison officials' response to those risks, if any." Id. at * 23.

Ultimately, however, Judge O'Neill decided that he need not determine the full contours of the Eighth Amendment in the Valley Fever context because "[the] varying iterations of the constitutional right at issue in this case are distinctions without any practical difference." Jackson II, 2015 WL 5732826, at * 1. This was because, "under *any* definition of the constitutional right at issue in this case, the substantial and unsettled case law concerning Valley Fever within this district establishes that Defendants are entitled to qualified immunity on Plaintiffs' Eighth Amendment claim." Id. (emphasis in original).

Turning to the unsettled case law in Valley Fever cases, Judge O'Neill observed that, "whether the Court looks only to the state of the law as it existed in July 2009 or as it exists today, the Court would still conclude that the right at issue was not clearly established." Jackson I, 2015 WL 5522088, at * 24. Jones v. Hartley, Case No. 1:13-cv-01590-AWI-GSA, 2015 WL 1276708 (E.D. Cal. Mar. 19, 2015). As has been noted often, there remain differences of opinion as to whether the allegation of increasing risk of contracting Valley Fever is sufficient to state an Eighth Amendment claim. See Smith v. State of California, Case No. 1:13-cv-0869-AWI-SKO, 2016 WL 398766 (E.D. Cal. Feb.

1, 2016). In Gregge v. Kate, 2015 WL 2448679, at *10 (E.D. Cal. May 20, 2015), the court collected multiple cases demonstrating just how unsettled the law was:

> Courts within this district have differed on whether an inmate who is subject to a risk factor can state a claim for deliberate indifference. See Smith v. Brown, No. 1:12–cv–0238–AWI–JLT (PC), 2012 WL 1999858, at *4 (E.D. Cal. June 4, 2012) (allegation of increased risk of Valley Fever due to asthma insufficient to state a claim); Jones v. Igbinosa, No., at *3–4 (E.D. Cal. July 19, 2010) (allegation that African–American inmate at greater risk of contracting Valley Fever is insufficient to state a claim); Gilbert v. Yates, No. 1:09CV02050 AWI DLB, 2010 WL 5113116, at *4 (E.D. Cal. Dec. 9, 2010) subsequently aff'd, 479 F. App'x 93 (9th Cir. 2012) (inmate alleging risk factors for Valley Fever did not state a claim for deliberate indifference for failure to transfer him from PVSP); Hunter v. Yates, No. 1:07–cv–00151–AWI–SMS–PC, 2009 WL 233791, at *3 (E.D. Cal. January 30, 2009) (inmate alleging high risk of contracting Valley Fever states a claim under the low pleading standard); Humphrey v. Yates, No. 1:09–cv–00075–LJO–DLB (PC), 2009 WL 3620556, at *3 (E.D. Cal. October 28, 2009) (finding allegation that inmate caught Valley Fever twice due to preexisting respiratory conditions is sufficient to state a claim); Barnhardt v. Tilton, No. 1:07–cv–00539–LJO–DLB (PC), 2009 WL 56004, at *4 (E.D. Cal. January 7, 2009) (inmate's allegation that his diabetes placed him at increased risk of contracting Valley Fever is insufficient to show a serious risk of harm to inmate's health).
>
> More recent cases have found that an inmate claiming to be at an increased risk of contracting Valley Fever could state an Eighth Amendment claim. See Lua v. Smith, No. 1:14–cv–00019–LJO–MJS, 2014 WL 1308605, at *2 (E.D. Cal. Mar. 31, 2014) (first prong of deliberate indifference claim is satisfied where plaintiff identifies a factor responsible for increasing the risk of contraction or severity of infection); Sparkman v. California Dep't of Corrections and Rehabilitation, No. 1:12–cv–01444–AWI–MJS (PC), 2013 WL 1326218, at *3 (E.D. Cal. March 29, 2013) (inmate with chronic lung disease meets first prong of Eighth Amendment standard); Holley v. Scott, No. 1:12–cv–01090–MJS (PC), 2013 WL 3992129, at *3 (E.D. Cal. Aug. 1, 2013) (collecting cases). But many courts have found that the allegation of increased risk of contracting Valley Fever is insufficient to state a claim for violation of the Eighth Amendment. Smith v. Brown, No. 1:12–cv–0238–AWI–JLT (PC), 2012 WL

> 1574651, at *4 (May 3, 2012) (allegation that inmate was African-American is insufficient to state a claim); Harvey v. Gonzalez, No. CV 10–4803–VAP (SP), 2011 WL 4625710, at *3 (C.D. Cal. July 27, 2011) (even if inmate alleged that he was at high risk of contracting Valley Fever and defendants were aware of his risk that would be insufficient to state a claim for violation of the Eighth Amendment); Clark v. Igbinosa, No. 1:10–cv–01336–DLB PC, 2011 WL 1043868, at *2 (E.D. Cal. March 21, 2011) (allegation that African–American inmate at greater risk of contracting Valley Fever is insufficient to state a claim); Schroeder v. Yates, No. 1:10–cv–00433–OWW–GSA PC, 2011 WL 23094, at *1, (E.D. Cal. January 4, 2011) (inmate alleging COPD and emphysema fails to state a claim); James v. Yates, No. 1:08–cv–01706–DLB (PC), 2010 WL 2465407, at * 4 (E.D. Cal. June 15, 2010) (allegation of higher risk due to medical conditions is not sufficient to state a claim where prison officials found inmate did not meet criteria for transfer).

Based on this state of the law, Judge O'Neill held that Defendants were entitled to qualified immunity on Plaintiffs' Eighth Amendment claim.

In this case, the Court also finds that Defendants are entitled to qualified immunity on the facts alleged, namely that Defendants built and housed inmates like Plaintiff in a facility located in an area that was hyper-endemic for contraction of Valley Fever. Plaintiff will, however, be given leave to amend. Any amendment should allege facts (not mere assumption or speculation) reflecting that one or more Defendants was aware that Plaintiff, because of his age, race or other personal characteristic, was at high risk of contracting Valley Fever; that CHS was constructed, situated and managed so as to expose its inmates to excessively high or dangerous levels of Valley Fever spores, and yet said Defendant(s) ignored that risk to Plaintiff and failed to take steps available to protect from that risk.

### 3. State Law Claims

In light of the above finding that Plaintiff's complaint, as plead, does not state a cognizable federal claim, the Court declines to analyze at this time whether Plaintiff states a claim under state law. 28 U.S.C. § 1367. Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir.), as supplemented by 121 F.3d 714 (9th Cir. 1997); see also Satey v.

11

JPMorgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." (citation omitted)). However, assuming Plaintiff will amend his complaint, the Court will discuss briefly his state-law claims (negligence, failure to provide adequate facility equipment and personnel, and abuse of a dependent adult):

### a. Negligence

A state-law claim of negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff. United States Liab. Ins. Co. v. Haidinger–Hayes, Inc., 1 Cal. 3d 586, 594 (1970); see also 6 Witkin, Summary of California Law § 835, p. 52 (10th ed. 2010 and Supp. 2015). Part of a claim for negligence is harm, but under the facts of this case, Plaintiff has not contracted Valley Fever, and the Court thus funds that he has not demonstrated harm.

### b. Failure to Provide Adequate Facility Equipment and Personnel

Plaintiff also cites California Government Code section 855, which provides for liability of a public entity "for injury proximately caused by the failure of the public entity to provide adequate or sufficient equipment, personnel or facilities required by any statute or any regulation of the State Department of Health Services, Social Services, Developmental Services, or Mental Health prescribing minimum standards for equipment, personnel or facilities, unless the public entity establishes that it exercised reasonable diligence to comply with the applicable statute or regulation." Here, too, however, even assuming that Plaintiff's allegations would fall within actions required by statute or regulation, Plaintiff must establish an injury in the first instance. As he has not contracted Valley Fever, the Court finds that he cannot state a claim under section 855.

### c. Abuse of Dependent Adult

The Elder Abuse and Dependent Adult Civil Protection Act ("Elder Abuse Act"), California Welfare & Institutions Code § 15600 et seq., provides that the "'Abuse of an

elder or a dependent adult' means ... [p]hysical abuse, neglect, financial abuse, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering." Cal. Welf. & Inst. Code § 15610.07. A dependent adult, in turn, is defined, inter alia, as "any person between the ages of 18 and 64 years who resides in this state and who has physical or mental limitations that restrict his or her ability to carry out normal activities or to protect his or her rights, including, but not limited to, persons who have physical or developmental disabilities, or whose physical or mental abilities have diminished because of age." Id. § 15610.23. Plaintiff is informed that, should he decide to amend his complaint, courts have held that a person detained in a prison or similar facility is not, without the assertion of additional facts, a "dependent adult" within the meaning of this statute. See, e.g., Cabral v. County of Glenn, 624 F. Supp. 2d 1184, 1194-95 (E.D. Cal. 2009) (holding that a pretrial detainee has not alleged that he is a "dependent adult" under Section 15610.23).

### d. California Tort Claims Act

The Court also notes that Plaintiff has not pled compliance with the California Tort Claims Act, which requires filing a claim with the California Victim's Compensation Government Claim Board prior to filing a lawsuit against a state employee or entity. Cal. Gov. Code §§ 905.2, 911.2, 945.4, 950.2; Munoz v. California, 33 Cal. App. 4th 1767, 1776 (1995). Timely claim presentation is not merely a procedural requirement but "a condition precedent to plaintiff's maintaining an action against [a state employee or entity] defendant." California v. Super. Ct. (Bodde), 32 Cal. 4th 1234, 1240 (2004). Failure to file a timely claim with the VCGCB is fatal to a cause of action for negligence or other state tort. See Hacienda La Puente Unified Sch. Dist. of Los Angeles v. Honig, 976 F.2d 487, 495 (9th Cir. 1992) (citing City of San Jose v.Super. Ct. (Lands Unlimited), 12 Cal. 3d 447, 454 (1974)).

### V.  **CONCLUSION**

1      Plaintiff's complaint must be dismissed for failure to state a claim. The Court will
2  grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d
3  1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the
4  alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-
5  78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible
6  on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also
7  demonstrate that each named Defendant personally participated in a deprivation of his
8  rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

9      Plaintiff should note that although he has been given the opportunity to amend, it
10 is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th
11 Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on
12 curing the deficiencies set forth above.

13     Finally, Plaintiff is advised that Local Rule 220 requires that an amended
14 complaint be complete in itself without reference to any prior pleading. As a general rule,
15 an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d
16 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no
17 longer serves any function in the case. Therefore, in an amended complaint, as in an
18 original complaint, each claim and the involvement of each defendant must be
19 sufficiently alleged. The amended complaint should be clearly and boldly titled "First
20 Amended Complaint," refer to the appropriate case number, and be an original signed
21 under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.
22 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a
23 right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations
24 omitted).

25     Accordingly, it is HEREBY ORDERED that:

26     1.   The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form
27 and (2) a copy of her Complaint, filed October 22, 2015;

28

   2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

   3. Plaintiff shall file an amended complaint within thirty (30) days; and

   4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: March 25, 2016   /s/ *Michael J. Seng*
              UNITED STATES MAGISTRATE JUDGE