1
2
3
4
5
6
7
8

9                    UNITED STATES DISTRICT COURT

10                    EASTERN DISTRICT OF CALIFORNIA

11

12   DAVID ALLEN,                              **CASE No. 1:15-cv-01609-DAD-MJS (PC)**

13              Plaintiff,                     **ORDER**

14      v.                                     **(1) DENYING PLAINTIFF'S MOTION TO
                                                   COMPEL;**
15   NORM KRAMER, et al.,
                                               **(2) DENYING PLAINTIFF'S MOTION FOR
16              Defendants.                         AN INVESTIGATOR;**

17                                             **(3) GRANTING DEFENDANTS' MOTION
                                                   FOR EXTENSION OF TIME TO FILE
18                                                 AN OPPOSITION; AND**

19
                                               **(4) GRANTING DEFENDANTS'
20                                                 REQUESTS TO MODIFY THE
                                                   DISCOVERY AND SCHEDULING
21                                                 ORDER**

22
                                               **(ECF NOS. 23, 24, 26, 29, 30)**
23

24         Plaintiff, a civil detainee proceeding pro se, has filed this civil rights action seeking

25   relief under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's original complaint

26   against Defendants Pam Ahlin, Fresno Board of Supervisors, Norm Kramer, and

27   Stephen Mayberg.  The  gravamen  of Plaintiff's claims is that Defendants built and

28

1 housed individuals like him in a facility located in an area known to be hyper-

2 endemic for contraction of Valley Fever, an infection caused by exposure to

3 coccidioides (also called coccidioidomycosis) fungus, and failed to take reasonable

4 steps to protect him from the disease.

5      Pending before the Court are the following motions: (1) Plaintiff's motion to

6 compel discovery (ECF No. 23); (2) Plaintiff's request for an investigator (ECF No. 24);

7 (3) Defendants Ahlin, Kramer and Mayberg's request for extension of time to file an

8 opposition to Plaintiff's motion to compel (ECF No. 26); and (4) Defendants' two requests

9 for a modification of the Discovery and Scheduling Order[1] (ECF Nos. 29, 30).

10 **I.     Relevant Procedural History**

11      Plaintiff initiated this action on October 22, 2015. The complaint was screened on

12 March 28, 2016, and dismissed with leave to amend on qualified immunity grounds.

13 (ECF No. 8.)

14      Plaintiff subsequently filed a motion for reconsideration of the screening order.

15 (ECF No. 9.) On August 17, 2016, the undersigned determined that Plaintiff's claims are

16 not barred by the doctrine of qualified immunity and that the allegations are sufficient to

17 proceed to service against Defendants Mayberg, Kramer, Ahlin and the Fresno Board of

18 Supervisors on a safe conditions claim. (ECF No. 10.) Plaintiff was thus directed to file a

19 notice of his willingness to proceed on the complaint as screened or file an amended

20 pleading.

21      On September 19, 2016, plaintiff filed a response indicating his willingness to

22 proceed on the complaint as screened. (ECF No. 11.) Accordingly, on September 22,

23 2016, the undersigned filed consistent findings and recommendations, which were

24 adopted in full on November 23, 2016. (ECF Nos. 12, 13.) Defendants were served

25 shortly thereafter.

26

27      [1] Defendant Fresno Board of Supervisors is represented by Fresno County Counsel whereas Defendants Kramer, Mayberg and Ahlin are represented by the Deputy Attorney General. Both sets of Defendants filed
28 a request to modify the Discovery and Scheduling Order.

1    On February 24, 2017, a Discovery and Scheduling Order ("DSO") issued setting

2    the discovery deadline for October 24, 2017, and the dispositive motion deadline for

3    January 5, 2018. (ECF No. 18.)

4    **II.    Plaintiff's Motion to Compel**

5    Plaintiff's motion to compel seeks further responses to his discovery requests and

6    $200 in sanctions against Defendants Kramer, Mayberg, and Ahlin for their allegedly

7    dilatory discovery tactics.

8    **A.    Background**

9    Plaintiff propounded his first set of requests for production of documents ("RPD")

10   on Defendants Kramer, Mayberg, and Ahlin on July 21, 2017; his first set of

11   interrogatories on August 15, 2017; and his second set of RPD on September 12, 2017.

12   Defendants Kramer, Mayberg, and Ahlin responded to the first set of RPDs on

13   August 22, 2017. (Pl.'s Mot. to Compel ["MTC"] Ex. A). Defendants Kramer and Mayberg

14   then responded to the first set of interrogatories on October 2, 2017 (MTC Ex. B), while

15   Defendant Ahlin sought and was granted an extension through October 6, 2017, to

16   respond to the interrogatories (MTC Ex. D). These Defendants allegedly misfiled the

17   second set of RPDs and therefore did not respond to them before the response

18   deadline. See Decl. of C. Murphy in Supp. of Defs.' Opp'n (ECF No. 27-1) ¶ 6. In any

19   event, Defendants contend this second set of RPDs is identical to the first set[2], and the

20   response deadline fell after the October 24, 2017, discovery deadline in this case. Id.

21   Plaintiff does not dispute either of these contentions.

22   **B.    Legal Standards**

23   The discovery process is subject to the overriding limitation of good faith, and

24   callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v.

25   Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and

26   citation omitted). "Parties may obtain discovery regarding any nonpriviliged matter that

27

28   [2] The Court is unable to verify this claim.  No copy of the second set of RPDs has been provided to the Court.

1    is relevant to any party's claim or defense and proportional to the needs of the case,

2    considering the importance of the issues at stake in the action, the amount in

3    controversy, the parties' relative access to relevant information, the parties' resources,

4    the importance of the discovery in resolving the issues, and whether the burden or

5    expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

6         Generally, if the responding party objects to a discovery request, the party moving

7    to compel bears the burden of demonstrating why the objections are not justified.

8    Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan.

9    13, 2012); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3

10   (E.D. Cal. Dec. 21, 2011); Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at

11   *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008

12   WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the

13   Court which discovery requests are the subject of the motion to compel, and, for each

14   disputed response, why the information sought is relevant and why the responding

15   party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011

16   WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

17   However, the Court is vested with broad discretion to manage discovery and

18   notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant;

19   therefore, to the extent possible, the Court endeavors to resolve his motion to compel on

20   its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media,

21   Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296

22   F.3d 732, 751 (9th Cir. 2002).

23        **C.    Analysis**

24        Plaintiff claims that Defendants' responses to his discovery requests were late

25   and/or inadequate. However, he fails to identify with particularity which responses he

26   finds inadequate and why. He objects generally to Defendants' objections based on, for

27   example, the deliberative process and the official information privilege, but presents no

28

1  legal argument why the objections are improper in the contexts asserted. Without

2  providing this information, Plaintiff has not met his burden on his motion to compel.

3       In addition, to the extent Plaintiff's motion can be construed as a request for an

4  extension of the discovery deadline, the Court does not find good cause. See Fed. R.

5  Civ. P. 16(b)(4). Plaintiff was in receipt of Defendants' responses to the first set of RPDs

6  as early as August 22, 2017, yet he waited until the eve of the discovery deadline to

7  challenge them. He also does not contest the Defendants' claim that the second set of

8  RPDs is identical to the first. Since Plaintiff himself could have prevented the need for an

9  extension, his motion to compel and any related request for an extension of the

10  discovery deadline must be denied.

11  **III.**     **Plaintiff's Request for an Investigator**

12       On November 2, 2017, Plaintiff submitted a request for an investigator pursuant to

13  Federal Rule of Civil Procedure 26(c) "to assist plaintiff in the compelling of discovery

14  from the defendants." Plaintiff seeks the appointment of an investigator to consider the

15  Defendants' objections to Plaintiff's unspecified discovery requests.

16       Construing this request as a discovery-related motion, it will be denied, having

17  been filed on November 2, 2017, several days after the October 24, 2017, discovery

18  deadline. See DSO at 2 ¶ 7 ("[D]iscovery motions will not be considered if filed after the

19  discovery deadline.")

20       To the extent the motion is deemed a request for appointment of counsel, it too

21  will be denied. Plaintiff does not have a constitutional right to appointed counsel in this

22  action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot

23  require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v.

24  United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109

25  S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may

26  request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113

27  F.3d at 1525.

28

1    Without a reasonable method of securing and compensating counsel, the Court

2    will seek volunteer counsel only in the most serious and exceptional cases. In

3    determining whether "exceptional circumstances exist, the district court must evaluate

4    both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate

5    his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal

6    quotation marks and citations omitted). In the present case, the Court does not find the

7    required exceptional circumstances.

8    **IV.    Modification to the Discovery and Scheduling Order**

9        On January 4, 2018, the Defendants moved to modify the DSO as it relates to the

10   dispositive motion deadline, originally set for January 5, 2018. Good cause appearing,

11   this deadline will be extended as set forth below.

12   **V.    Conclusion**

13       Based on the foregoing, IT IS HEREBY ORDERED that:

14       1. Plaintiff's motion to compel discovery (ECF No. 23) is DENIED;

15       2. Plaintiff's motion for an investigator (ECF No. 24) is DENIED;

16       3. Defendants' request for an extension of time (ECF No. 26) is GRANTED. The

17          opposition filed on November 27, 2017, is deemed timely filed; and

18       4. Defendants' requests for a modification of the DSO (ECF Nos. 29, 30) are

19          GRANTED. The dispositive motion deadline is continued by 30 days from the

20          date of this Order.

21

IT IS SO ORDERED.

22

23   Dated:    January 18, 2018              /s/ *Michael J. Seng*

24                                      UNITED STATES MAGISTRATE JUDGE

25

26

27

28