UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN, | Case No. 15-cv-01609-DAD-JDP |
| Plaintiff, | ORDER ON DEFENDANTS' MOTIONS FOR STAY OR ADDITIONAL TIME TO FILE REPLY BRIEFS |
| v. | |
| NORM KRAMER, *et al.*, | (Doc. Nos. 51, 52.) |
| Defendants. | ORDER REQUIRING SUPPLEMENTAL SUBMISSIONS FROM PLAINTIFF AND DEFENDANT |

Plaintiff David Allen is proceeding pro se in this civil rights action under 42 U.S.C. § 1983. Defendants have moved for summary judgment on the merits (Doc. Nos. 32, 34), and their motions have been pending since February 2018. The court has granted plaintiff three extensions of time to oppose defendants' summary judgment motions, and plaintiff recently filed his opposition briefs. (Doc. Nos. 36, 40, 43-50.)

Defendants move for a stay of proceedings or an extension of time to file reply briefs. (Doc. Nos. 51-52.) They argue that the court should stay the case pending the decision of the Court of Appeals for the Ninth Circuit in *Hines v. Youseff*, No. 15-16145 (9th Cir. filed June 8, 2015), a case in which the Court of Appeals may decide whether the qualified-immunity defense applies to cases that involve Valley Fever in Fresno-area detention facilities. The court has considered the summary judgment submissions in the instant case, the appellate submissions in

1

*Hines*, and the oral argument in *Hines*. The court will defer ruling on defendants' motions for a stay because the instant case may not turn on defendants' qualified-immunity defense. As for defendants' motion for an extension of time, the court will excuse defendants' untimely filing of reply briefs since the untimeliness appears to be partly attributable to the court's decision to grant plaintiff a third extension of time to oppose defendants' summary judgment motions. The court will set a new deadline for defendants' reply briefs.

The court will direct plaintiff to supplement his opposition to defendants' motions for summary judgment. Plaintiff references certain declarations (Doc. Nos. 44 at 7, 13, 15, 45 at 2, 46 at 3, 47 at 3), but the court's staff has been unable to locate these declarations. Plaintiff may not have properly filed and served these declarations in support of his position. By the deadline set forth below, plaintiff must file and serve his declarations. He may refile the prior declarations or file new declarations to support the facts he asserts. By the same deadline, plaintiff must also file a declaration stating whether he previously filed and served the declarations referenced in his submissions. Additionally, the court will require defendants to inform the court whether they were served with plaintiff's prior declarations.

The court is willing to consider whether plaintiff has had a fair opportunity to conduct discovery and respond to defendants' motions for summary judgment. The record indicates that plaintiff has been diagnosed with a mental disorder (Doc. No. 50 at 7), and he appears pro se. If plaintiff chooses, he may submit a declaration discussing difficulties that his mental disorder has caused him during the discovery process or in responding to defendants' motions for summary judgment. If plaintiff chooses to submit such a declaration, the declaration should identify his mental disorder, how that disorder has affected his ability to litigate this case, his educational level, and his litigation experience. Plaintiff should also include any other information that would help the court assess whether he has had a fair opportunity to litigate his claims. If appropriate, the court will consider recruiting counsel for plaintiff.

The court will set short deadlines for plaintiff's submissions, since plaintiff should be familiar with what he wrote in the missing declarations and any impairments that may have hindered him in litigating his claims. The deadlines below are intended to account for potential

difficulties that plaintiff may have with his mail (*see*, *e.g*., Doc. Nos. 35 at 1-4, 41 at 4 (noting delays in receiving mail)), however—to ensure adequate time for plaintiff to comply with this order and to avoid any additional problems with mail delivery—the court will direct counsel for the state defendants to deliver a copy of this order to plaintiff or to a litigation coordinator at plaintiff's institution of incarceration, electronically or by other means that would ensure the expedient delivery of this order. The court will also direct the clerk of court to send a copy of this order to plaintiff by mail. After reviewing plaintiff's supplemental submissions, the court will decide whether to rule on defendants' motions for summary judgment, stay the case, assist plaintiff in recruiting counsel, or take other appropriate measures.

**Order**

Accordingly,

1. Defendants Norm Kramer, Pam Ahlin, Stephen Mayberg, and Fresno Board of Supervisors' motions for a stay or an extension of time to file reply briefs (Doc. Nos. 51, 52) are granted in part and denied in part.
    i. The court will defer ruling on defendants' request for a stay.
    ii. Defendants may file reply briefs by Wednesday, August 8, 2018.
2. Counsel for Norm Kramer, Pam Ahlin, and Stephen Mayberg is directed to send a copy of this order to plaintiff David Allen or a litigation coordinator at plaintiff's institution of incarceration.
3. The clerk of court is directed to send plaintiff a copy of this order.
4. By Wednesday, August 8, 2018, plaintiff must file copies of declarations mentioned in his summary judgment submissions. (*See, e.g*., Doc. Nos. 44 at 7, 13, 15, 45 at 2, 46 at 3, 47 at 3.)
    i. If plaintiff no longer has copies of the missing declarations, plaintiff must file new declarations supporting the facts he asserts in his summary judgment submissions.
    ii. Plaintiff must file a declaration stating whether he filed and served the missing declarations when he submitted his opposition to defendants'

3

summary judgment motions.

5. By Wednesday, August 8, 2018, defendants must inform the court whether they were previously served with plaintiff's declarations.

6. By Wednesday, August 8, 2018, plaintiff may inform the court of any impairment he has had in conducting discovery or responding to defendants' motions for summary judgment.

IT IS SO ORDERED.

Dated:   July 18, 2018

_____
UNITED STATES MAGISTRATE JUDGE