UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN, | Case No. 1:15-cv-01609-DAD-JDP |
| Plaintiff, | ORDER TO SHOW CAUSE WHY COURT SHOULD NOT TAKE ACTION BASED ON APPARENT UNAUTHORIZED PRACTICE OF LAW |
| v. | |
| NORM KRAMER, *et al*., | |
| Defendants. | |

As a general matter, attorneys practicing in the Eastern District of California must be members of the Bar of this Court and active members in good standing of the State Bar of California. *See* Local Rule 180(a), (b); *see also* State Bar of California Rule 1-300 (prohibiting unauthorized practice of law). Additionally, employers who are members of the State Bar of California are prohibited from employing suspended or involuntarily inactive bar members to engage in the practice of law—if the employer knows or reasonably should know about the suspension or involuntary inactivation. *See* State Bar of California Rule 1-311(B) ("A member shall not employ, associate professionally with, or aid a person the member knows or reasonably should know is a disbarred, suspended, resigned, or involuntarily inactive member to . . . [a]ppear on behalf of a client in any hearing or proceeding or before any judicial officer, arbitrator, mediator, court, public agency, referee, magistrate, commissioner, or hearing officer . . . [or to e]ngage in activities which constitute the practice of law."). Scott C. Hawkins has appeared in this case on behalf of defendant Fresno Board of Supervisors. The attorney directory of the State Bar of California appears to indicate that Mr. Hawkins was not

1

authorized to practice law in California during the one-month period from July 3, 2018 to August 3, 2018.[1] During this period, Mr. Hawkins made two filings in this case. (*See* Doc. Nos. 51 (Request to Stay the Action, or Alternatively for Additional Time to Reply), 55 (Response to Court Order ECF No. 53)). In the first of these filings, Mr. Hawkins stated: "I am licensed to practice law in all of the Courts of the State of California, including the Federal Court for the Eastern District of California." (Doc. No. 51, at 2-3.)

The undersigned is concerned that an individual may have engaged in unauthorized practice of law before this court. By the deadline set below, attorney Daniel Cederborg, Fresno County Counsel, and Mr. Hawkins are ordered to show cause why this court should not take action based on the apparent unauthorized practice of law. The response to this order should address (1) whether Mr. Hawkins has engaged in unauthorized practice of law (*see* Doc. Nos. 51, 55), (2) the measures employed by Fresno County Counsel to prevent unauthorized practice of law on behalf of Fresno Board of Supervisors or the County of Fresno, (3) whether the court should report this matter to the State Bar of California or other entity, and (4) whether the court should impose penalties. The court will determine at a later point whether a hearing is warranted.

**Order**

    a. The Clerk of Court is directed to serve a copy of this order on attorney Daniel Cederborg, Fresno County Counsel.

    b. Attorneys Daniel Cederborg and Scott Hawkins must submit separate, written responses to this order by Tuesday, September 18, 2018.

---

[1] *See* STATE BAR OF CALIFORNIA, *Attorney Search Bar No. 207236*, http://members.calbar.ca.gov/fal/Licensee/Detail/207236 (last visited Sep. 10, 2018) (stating, alongside the entry 7/3/2018, "Not Eligible To Practice Law in California" and "Admin Inactive/MCLE noncompliance"). Mr. Hawkins appears to have re-entered Active status on August 3, 2018; an entry alongside 8/3/2018 states "Active." *Id*.

1

IT IS SO ORDERED.

2

3

Dated:    September 11, 2018

4
UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28