UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN MAYBERG, et al.,<br><br>　　　　　　Defendants. | Case No. 1:15-cv-01609-DAD-JDP<br><br>ORDER SETTING TELEPHONIC STATUS CONFERENCE |

Plaintiff David Allen, a civil detainee, proceeds without counsel in this civil rights action brought under 42 U.S.C. § 1983. The court will hold a telephonic status conference on August 13, 2019 at 2:00 p.m. The parties should prepare to discuss the following issues at the status conference: (1) whether plaintiff still faces the risk of contracting Valley Fever; (2) whether plaintiff wishes the court to recruit him counsel; (3) whether the parties have any interest in settlement; (4) how this case should proceed; and (5) any other measure that would secure speedy and efficient resolution of this case.

First, the court will inquire whether plaintiff still faces the danger of contracting Valley Fever. Defendants have already implemented some measures against Valley Fever, ECF No. 71 at 13-14, but the parties should prepare to inform the court whether the measures already in place adequately protect plaintiff. The parties need not provide an exhaustive list of the measures in place, but both sides should explain why they believe that the measures are adequate or

1

inadequate. We expect to use this information to decide whether to allow another round of dispositive motions and whether to recruit counsel for plaintiff.

Second, plaintiff should inform the court whether he wishes to be represented by counsel. If plaintiff wants counsel, he should be prepared to (1) inform the court why he believes that he will prevail, (2) describe his litigation experience, and (3) provide any other information that would help the court assess his ability to represent himself or articulate his claims. We are inclined to recruit counsel for plaintiff because, even if he does not face any danger of contracting Valley Fever, the issues presented in this case are complex and numerous.[1]

Third, the parties should prepare to discuss whether they have any interest in settlement. Although plaintiff seeks injunctive relief for his personal safety in addition to monetary compensation, we are cognizant that the state government could take formal or informal measures against Valley Fever. If the parties agree to attend a settlement conference, we are inclined to recruit counsel who would assist plaintiff at the conference.

Fourth, if the parties have no interest in settlement, we will issue a new scheduling order. Because some of the claims were inadvertently dismissed and plaintiff was mistakenly characterized as a prisoner, ECF No. 71 at 6-7, we will likely allow additional discovery and another round of dispositive motions on the merits. The parties may persuade us otherwise.

**Order**

1. The court will hold a telephonic status conference on August 13, 2019, at 2:00 p.m. (dial-in number: 1-888-204-5984; passcode: 4446176) to discuss matters identified above.
2. Plaintiff must make arrangements with staff at his institution of confinement for his attendance at the conference.
    a. Plaintiff's institution of confinement must make plaintiff available for the telephonic conference.

---

[1] Earlier in the case, we invited the plaintiff to identify any mental illness that he might suffer from, noting that such information would help the court assess the need for counsel. Plaintiff need not identify any mental condition for the court to recruit counsel in this case.

b. Before the conference, defense counsel must confirm with plaintiff's institution of confinement that arrangements have been made for plaintiff's attendance.

c. The clerk is directed to send a copy of this order to the litigation coordinator at plaintiff's institution of confinement.

IT IS SO ORDERED.

Dated:   August 5, 2019                            _____
                                                    UNITED STATES MAGISTRATE JUDGE

No. 202