UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLIFF ALLENBY, Ex-Executive Directive of All Five Hospitals, et al.,<br><br>　　　　Defendants. | No. 1:15-cv-01609-DAD-JDP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 78) |

Plaintiff David Allen is a civil detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is plaintiff's request for reconsideration (Doc. No. 78) of the undersigned's March 26, 2019 order adopting in full (Doc. No. 74) the February 26, 2019 findings and recommendations (Doc. No. 71). In those adopted findings and recommendations it was recommended that the court grant defendants' motions for summary judgment in part and deny plaintiff's motion for leave to amend. (Doc. No. 71.) Defendants responded in opposition to plaintiff's request for reconsideration on September 20, 2019 and September 30, 2019, and plaintiff replied on October 21, 2019. (Doc. Nos. 79, 81, 83.)

/////

1 | "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original).

In the pending motion for reconsideration, plaintiff purports to have identified newly discovered evidence warranting reconsideration of the court's order granting summary judgment in favor of defendants the County of Fresno and the Fresno Board of Supervisors (the "County defendants"). In this regard plaintiff points to allegedly new evidence that purports to establish "a causal connection between the County defendants' and the annexation [of the Pleasant Valley State Prison], the construction of [Coalinga State Hospital,] and [the] exposure of plaintiff to Valley Fever." (Doc. No. 78 at 7.)

The court's review of the purported evidence relied upon by plaintiff in seeking reconsideration—even assuming its veracity—reveals no such connection. (*See* Doc. No. 78 at 63, 82, 111, 116.) The documents plaintiff relies upon in this regard explain on their face that:

> The City [of Coaligna] has determined to annex the Pleasant Valley State Prison (hereinafter "PVSP") and adjacent State-owned prison lands (hereinafter, collectively, the "PVSP Site") pursuant to special legislation approved by the governor known as SB 2227, and the City has now commenced proceedings to annex the PVSP Site.

(Doc. No. 78 at 63, 82, 111, 116). The documents now relied upon by plaintiff do not establish any causal connection between the County defendants and plaintiff's exposure to Valley Fever; rather they merely pertain to the apportionment of tax revenue derived from the PVSP Site. (*Id.*) Plaintiff's "newly discovered evidence" does not have any impact upon the court's earlier finding that plaintiff failed to produce any evidence on summary judgement upon which a reasonable jury

/////

/////

2

could find that "County Defendants ultimately caused plaintiff's exposure to Valley Fever." (Doc. No. 71 at 25.)

Accordingly, plaintiff's motion for reconsideration (Doc. No. 78) is denied.

IT IS SO ORDERED.

Dated: **March 2, 2020**

_____
UNITED STATES DISTRICT JUDGE