UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN,<br>　　　　　　Plaintiff,<br>　　v.<br>STEPHEN MAYBERG, *et al.*,<br>　　　　　　Defendants. | Case No. 1:15-cv-01609-DAD-JDP<br><br>ORDER STAYING CASE<br><br>ORDER CLARIFYING STATUS OF REMAINING CLAIMS<br><br>ORDER MODIFYING DISCOVERY AND SCHEDULING ORDER<br><br>ORDER SUBSTITUTING DEFENDANT |

On May 14, 2020, the court held a status conference in this case. Plaintiff, through counsel, indicated that he is willing to participate in settlement. Defendants, also through counsel, stated that they are evaluating the possibility of a settlement conference and will be in a position by the end of this month to indicate their interest in such a conference. Therefore, this case is stayed, and the stay will remain in place—unless defendants decline to participate in a settlement conference—until five days after a settlement conference has taken place. Failing settlement at this juncture, the court will reopen discovery and allow an additional round of briefing on dispositive motions. In such case, the parties will have 120 days for written discovery, an additional 90 days for depositions, and 90 days to file dispositive motions after the close of discovery.

The parties have requested clarification on the status of plaintiff's remaining claims. For all defendants who have appeared in this case and remain after summary judgment, only injunctive and declaratory relief remain. As indicated by the court, defendant Allenby was not subject to summary judgment because he was inadvertently dismissed prior to service by the previously-assigned Magistrate Judge. *See* ECF No. 71 at 18. Defendant Allenby is now deceased. Plaintiff's claim for injunctive relief against defendant Allenby remains against the appropriate substitute public official. The court will allow plaintiff a period of time to consider whether he has basis to assert a claim for damages against defendant Allenby's successor or representative in an individual capacity. If he believes that service is appropriate, plaintiff may file a motion seeking substitution of the party. Fed. R. Civ. P. 25(a)(1). Otherwise, the individual-capacity claim will be extinguished. Although no claims for damages have been dismissed with respect to defendant Allenby, the analysis in the court's findings and recommendations provides guidance for how those claims would have been treated if he had been properly before the court.

Finally, for those official capacity claims for declaratory and injunctive relief that remain against state defendants, defendants have requested that Stephanie Clendenin, the current Director of California Department of State Hospitals, be substituted as the appropriate public officer defendant. *See* Fed. R. Civ. P. 25(d). The docket will be amended to reflect this substitution.

Accordingly, it is hereby ordered that:

1. Defendants must notify the court as to whether they will participate in a settlement conference by June 1, 2020;
2. This case is stayed until five days after a settlement conference has taken place or until defendants file a notice opting out of settlement;
3. After the stay is lifted:
    a. Within 30 days, plaintiff must notify the court whether he intends to pursue any individual-capacity claims against defendant Allenby's successor or representative; if so, by the same date, plaintiff must file a motion for substitution;

2

      b. The parties will have 120 days for additional written discovery and an additional 90 days for depositions; and

      c. The parties will have 90 days to file dispositive motions after the close of discovery.

4. The clerk of court is directed to dismiss defendant Stephen Mayberg, Ex-Executive Director of all Five Hospitals from the docket, and add the substitute defendant Stephanie Clendenin, Director of California Department of State Hospitals to the docket.

IT IS SO ORDERED.

Dated:   May 26, 2020                                    /s/ Jeremy Peterson
                                                             UNITED STATES MAGISTRATE JUDGE

No. 204.