UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLIFF ALLENBY, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:15-cv-01609 DAD JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION TO SUBSTITUTE DECEASED DEFENDANT CLIFF ALLENBY BE DENIED<br><br>ECF No. 97<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

Plaintiff moves to substitute another party for individual capacity and damages claims[1] against the deceased defendant Cliff Allenby. ECF No. 97. Plaintiff has not identified any individual who would be appropriate for substitution. Nonetheless, as there is some authority to suggest that defendants bear that burden,[2] the court ordered defendants to attempt to identify a representative. ECF No. 98. The court also ordered plaintiff to serve his motion on the appropriate person once identified. *Id.* Defendants have now informed the court that they have made a good faith effort to identify Cliff Allenby's representative but have been unable to do so. ECF No. 99.

---

[1] Official capacity claims for injunctive relief are now against substituted defendant Stephanie Clendenin, Director of California Department of State Hospitals. *See* Fed. R. Civ. P. 25(d).

[2] *See Gilmore v. Lockard*, 936 F.3d 857, 867 (9th Cir. 2019).

A motion to substitute under Rule 25 may be denied if substitution, including identifying the appropriate representative, would be unduly burdensome. *See Gilmore*, 936 F.3d at 867; *see also Chobot v. Powers*, 169 F.R.D. 263, 267 (W.D.N.Y. 1996) (citing *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 317-18 (1950) ("impracticable and extended searches are not required in the name of due process")). For example, a district court has found that when defendants "were required to take on some burden in locating" a party's representative or successor, and their inquires failed to reveal one, the court would not require more. *Gruenberg v. Maricopa Cty. Sheriff's Office*, No. CV 06-0397-PHX-SMM (DKD), 2008 U.S. Dist. LEXIS 40342, at *4 (D. Ariz. May 6, 2008).

In this case, the parties have been aware of Cliff Allenby's death for almost two years. *See* ECF No. 71 at 2. The court appointed counsel for plaintiff on March 6, 2020. ECF No. 88. Further, the court allowed extended time for plaintiff, aided by counsel, to decide whether to pursue an individual capacity claim against Cliff Allenby's representative. ECF No. 94. Plaintiff, aided by counsel, was unable to find a representative, but filed the underlying motion nonetheless. *See* ECF No. 97. The court then ordered defendants to locate a representative. ECF No. 98. Defendants searched probate records, and none were available for Cliff Allenby. ECF No. 99. In sum, no party can identify a representative for the individual capacity claims against deceased defendant Cliff Allenby, notwithstanding good faith efforts to do so. Thus, plaintiff's motion should be denied because ascertaining the identity of an appropriate representative is unduly burdensome. Under these circumstances, where a defendant is dismissed for inability to locate a representative, adjudication is not on the merits and dismissal should be without prejudice. *See* Fed. R. Civ. P. 41(b).

Accordingly, it is hereby recommended that:

1. Plaintiff's motion to substitute deceased defendant Cliff Allenby, ECF No. 97, be denied.
2. Defendant Cliff Allenby be dismissed without prejudice.
3. This case be referred back for further proceedings.

I submit the findings and recommendations to the district judge under 28 U.S.C.

§ 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     December 10, 2020

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE